**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 15-4048**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

EARL FRANK HILL, JR.,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   M. Hannah Lauck, District Judge.  (3:14-cr-00114-MHL-1)

—————————

Submitted:  June 18, 2015          Decided:  June 22, 2015

—————————

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Scott W. Putney, Scott W. Putney, P.C., Norfolk, Virginia, for Appellant.   Peter Sinclair Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Earl Frank Hill, Jr., appeals his conviction and 188-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the appeal waiver provision in Hill's plea agreement was involuntary and whether the sentencing court failed to adequately account for Hill's medical conditions. Hill has filed a pro se supplemental brief, which also challenges the validity of his appeal waiver, as well as the career offender Sentencing Guideline used to enhance his sentence. The Government has moved to dismiss the appeal pursuant to the appeal waiver provision. Hill opposes the motion. For the reasons that follow, we grant the motion and dismiss the appeal.

We review the validity of an appeal waiver de novo, evaluating the issue "by reference to the totality of the circumstances." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). "Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (internal quotation marks

2

omitted).  Where the Government seeks to enforce the appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that the defendant knowingly and intelligently waived his right to appeal, and the issues raised on appeal fall within the scope of the waiver.  United States v. Davis, 689 F.3d 349, 354-55 (4th Cir. 2012).  "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012).

Hill's testimony during the district court's thorough plea colloquy establishes that Hill understood the appeal waiver provision and entered the waiver knowingly, intelligently, and voluntarily.  Hill's counsel contends that the plea agreement was an unconscionable contract of adhesion that rendered the appeal waiver unenforceable.  Although the plea agreement permitted Hill to avoid significant additional sentencing exposure and a separate charge, he was under no obligation to accept the agreement or its incorporated appeal waiver.  See United States v. Mezzanatto, 513 U.S. 196, 209-10 (1995) ("The plea bargaining process necessarily exerts pressure on defendants to plead guilty . . . but we have repeatedly held

that the government may encourage a guilty plea by offering substantial benefits in return for the plea" (internal quotation marks omitted)); United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006) (holding that defendant's unequal bargaining position did not invalidate appeal waiver). Moreover, Hill asserts in his pro se supplemental brief that his appeal waiver was unintelligent because he was unaware when he entered the plea agreement that the career offender Guideline used in calculating his sentence is fundamentally flawed. Even accepting, for the sake of argument, Hill's claims regarding the enhancement, "[t]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances—even though the defendant may not know the specific detailed consequences of invoking it." Thornsbury, 670 F.3d at 537 (internal quotation marks omitted). Thus, we find nothing in the record to overcome Hill's sworn testimony during the plea colloquy or to otherwise establish that his plea and incorporated appeal waiver were unknowing or involuntary.

Hill's appeal waiver encompasses appeals of both his conviction and any sentence within the 40-year statutory maximum applicable to his offense. See 21 U.S.C. § 841(b)(1)(B) (2012). We have thoroughly reviewed the record in accordance with Anders and have identified no potentially meritorious issues that fall

4

outside the waiver's broad compass. We therefore grant the motion to dismiss and dismiss Hill's appeal. This court requires that counsel inform Hill, in writing, of the right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hill.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED